**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-4720**

─────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CECIL LAMONT STOKES,

                              Defendant - Appellant.

─────────

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6554)

─────────

Submitted:  February 10, 2006          Decided:  May 4, 2006

─────────

Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Brian Michael Aus, Durham, North Carolina, for Appellant.  Angela
Hewlett Miller, Lawrence Patrick Auld, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Cecil Lamont Stokes' conviction and sentence. United States v. Stokes, No. 03-4720 (4th Cir. Mar. 17, 2004) (unpublished). The Supreme Court vacated our decision and remanded Stokes' case to us for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

In Stokes' supplemental brief, filed at this court's direction after the Supreme Court's remand, he contends that he is entitled to resentencing in light of Booker because his sentence was enhanced based on facts not found by the jury and the district court considered the guidelines as mandatory. Specifically, he argues that his offense level was increased based on judicial fact-finding with respect to the two-level enhancement for abuse of a position of public trust.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Stokes did not raise a Sixth Amendment challenge or object to the mandatory

application of the guidelines in the district court, review is for plain error. <u>Hughes</u>, 401 F.3d at 547. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993); <u>Hughes</u>, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Hughes</u>, 401 F.3d at 555 (internal quotation marks and citation omitted). While the mandatory application of the guidelines constitutes plain error, <u>United States v. White</u>, 405 F.3d 208, 217 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" <u>Id.</u> at 223 (quoting <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992)).

For purposes of determining <u>Booker</u> error, this court considers the guideline range based on the facts the defendant admitted before any adjustment for acceptance of responsibility. <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Removing the abuse of a position of public trust enhancement, which

had been added, reduces Stokes' pre-acceptance-of-responsibility offense level by two levels from 26 to 24, which combined with criminal history category IV would make the guideline range 77-96 months for the interference with commerce count. Because Stokes' sentence was within that range, he cannot show plain error. Moreover, nothing in the sentencing transcript or elsewhere in the record suggests that the district court would have given Stokes a lower sentence if the guidelines were not mandatory. Therefore, Stokes has not established plain error that warrants resentencing under White, 405 F.3d at 223.

Accordingly, we affirm Stokes' sentence after our reconsideration in light of Booker. In addition, we reinstate our March 17, 2004 opinion affirming his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED